```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

```
CASA M. MARSHALL,                    )
                                     )
          Plaintiff                  )
                                     )
     v.                              )   CIVIL NO. 2:09 cv 198
                                     )
GE MARSHALL, INC.; M5, INC.;         )
MBIP LLC; TOWER ROAD LLC; JOLIET     )
ROAD PROPERTIES LLC; CRCFT           )
PROPERTIES LLC; FRANK A.             )
MARSHALL; CLINTON E. MARSHALL;       )
ROGER W. MARSHALL; ROSS J.           )
MARSHALL; MARIE MARSHALL; KAREN      )
MARSHALL,                            )
                                     )
          Defendants                 )
```

## OPINION AND ORDER

This matter is before the court on the Joint Motion for Additional Time to Take Deposition of Plaintiff [DE 73] filed by the defendants on December 13, 2011. For the reasons set forth below, the motion is **GRANTED**.

On February 28, 2011, the plaintiff, Casa M. Marshall, filed her second amended complaint raising seven counts against 12 defendants, including violations of Title VII, the Age Discrimination in Employment Act (ADEA), Americans with Disabilities Act (ADA), Family Medical Leave Act (FMLA), Breach of Fiduciary Duty to a Minority Shareholder, and Breach of Duty of Good Faith and Fair Dealing. The plaintiff has identified more than 30 indivi-

duals who likely have relevant discoverable information and has produced approximately 3,784 documents which have information potentially relevant to the subject matter. The defendants argue that they reasonably require more than seven hours to take the plaintiff's deposition because of the complexity of the case.

The report of parties' planning meeting states that pursuant to Federal Rule of Civil Procedure 30(d)(1), a deposition is limited to one (1) day of seven (7) hours, unless authorized by the court or stipulated by the parties. Rule 30(d)(1) states:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Federal Rule of Civil Procedure 26(b)(2) provides that the court may alter the length of depositions. The Comments to the 2000 Amendment to Rule 30 explain that additional time may be justified if the examination covers events occurring over a long period of time, if the witness will be questioned about numerous or lengthy documents, if documents have been requested but not produced, and in multi-party cases. "In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one

lawyer to question about areas of common interest." Rule 30 (2000 Comments).

The plaintiff has raised seven counts against 12 defendants and has produced a myriad of documents in discovery. Taking into consideration the number of claims, parties, and documents, it is reasonable for the defendants to need additional time to take the plaintiff's deposition. Each defendant is entitled to depose the plaintiff on each of the claims and the numerous documents. Although defense counsel must avoid duplicative questioning, the issues and discovery are voluminous enough to warrant additional time. Therefore, the Joint Motion for Additional Time to Take Plaintiff's Deposition [DE 73] filed by the defendants on December 13, 2011, is **GRANTED**. The defendants may take up to three (3) seven hour days to complete the plaintiff's deposition.

ENTERED this 8th day of February, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge