```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

CASA M. MARSHALL,                          )
                                           )
            Plaintiff                      )
                                           )
        v.                                 )   CIVIL NO. 2:09 cv 198
                                           )
GE MARSHALL, INC.; M5, INC.;               )
MBIP LLC; TOWER ROAD LLC; JOLIET           )
ROAD PROPERTIES LLC; CRCFR                 )
PROPERTIES LLC; FRANK A.                   )
MARSHALL; CLINTON E. MARSHALL;             )
ROGER W. MARSHALL; ROSS J.                 )
MARSHALL, individually and in              )
their official capacities as an            )
officer director and/or                    )
shareholder of GE Marshall Inc,            )
M5 Inc., MBIP LLC, Tower Road              )
LLC, Joliet Road Properties LLC,           )
CRCFR Properties LLC, and as a             )
beneficiary of the Glen E.                 )
Marshall Marital Trust; MARIE              )
MARSHALL, as Trustee of the Glen           )
E. Marshall Marital Trust; KAREN           )
MARSHALL, as beneficiary of the            )
Glen E. Marshall Marital Trust,            )
                                           )
            Defendants                     )

## OPINION AND ORDER

This matter is before the court on the Motion for Expedited Hearing and/or Ruling on the Individual Defendants' Motion to Modify Subpoenas and Motion for Protective Order [DE 81] filed by the individual defendants on March 16, 2012; the Motion for Protective Order [DE 85] filed by the individual defendants on March 21, 2012; and the Motion to Modify Subpoenas [DE 86] filed by the individual defendants on March 21, 2012.

Because the date by which the defendants requested a ruling has passed, the Motion for Expedited Hearing and/or Ruling on the Individual Defendants' Motion to Modify Subpoenas and Motion for Protective Order [DE 81] is **DENIED AS MOOT**.

For the reasons set forth below, the Motion for Protective Order [DE 85] is **GRANTED IN PART,** and the Motion to Modify Subpoenas [DE 86] is **DENIED**.

Background

On February 28, 2011, the plaintiff, Casa M. Marshall, filed a seven-count amended complaint alleging: (1) gender discrimination; (2) age discrimination; (3) violation of the ADA; (4) Title VII Retaliation; (5) violation of the Family and Medical Leave Act of 1993; (6) Breach of Fiduciary Duty to Minority Shareholder; and (7) Breach of Duty of Good Faith and Fair Dealing. The parties engaged in discovery, and on February 3, 2012, the plaintiff served the defendants with two subpoenas - one directed to Commercial Advantage, Inc. and the other directed to BKD, LLP. Commercial Advantage is a commercial, professional, and industrial real estate business, and BKD is a CPA and advisory firm. Both hold personal financial documents belonging to the individual defendants.

The Commercial Advantage subpoena seeks production of:

> [A]ny and all files concerning G.E. Marshall Inc., M5 Inc., Frank Marshall, Clinton Mar-

2

shall, Roger Marshall, Ross Marshall, Casa
Marshall, Karen Marshall, the Glen E. Marshall Marital Trust, any beneficiary of the
Glen E. Marshall Marital Trust; and/or any
Grantor Retained Annuity Trust relating to
G.E. Marshall Inc., M5 Inc., Frank Marshall,
Clinton Marshall, Roger Marshall, Ross Marshall, Casa Marshall, Karen Marshall and/or
the Glen E. Marshall Marital Trust, including
but not limited to the following: any and all
documents, electronically stored information,
objects, commercial evaluation, appraisals,
business valuation and/or evaluations, and
permit their inspection and copying.

Similarly, the BKD subpoena seeks production of:

[A]ny and all files concerning G.E. Marshall
Inc., M5 Inc., Frank Marshall, Clinton Marshall, Roger Marshall, Ross Marshall, Casa
Marshall, Karen Marshall, the Glen E. Marshall Marital Trust, and/or any beneficiary
or income recipient of the Glen E. Marshall
Marital Trust including but not limited to
the following: any and all documents, electronically stored information, objects, commercial evaluation, appraisals, business
valuation and/or evaluations; and discussions
or meetings concerning estate planning, stock
valuation, stock discounts, gifts, distributions, annuity payments and/or any Grantor
Retained Annuity Trust relating to G.E. Marshall Inc., M5 Inc., Frank Marshall, Clinton
Marshall, Roger Marshall, Ross Marshall, Casa
Marshall, Karen Marshall and/or the Glen E.
Marshall Marital Trust; and permit their
inspection and copying.

The defendants object to the subpoenas, arguing they are overly broad and seek irrelevant information.

## Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides

3

that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies."  "[T]he party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007).  Implicit in the rule is the requirement that a subpoena seek relevant information. *See Stock v. Integrated Health Polan, Inc.*, 241 F.R.D. 618, 621-622 (S.D. Ill. 2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler-Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.

*Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).

Commercial Advantage, Inc. is a commercial, professional, and industrial real estate business, and BKD, LLP is a national CPA and advisory firm providing wealth advisory, tax, estate, and investment planning services. The defendants contend that any files that Commercial Advantage or BKD holds pertaining to the individual defendants relate to their personal finances and are beyond the scope of the plaintiff's complaint. The defendants do not object to the subpoenas to the extent they seek information concerning the corporate defendants, G.E. Marshall, Inc., M5, Inc., MBIP, LLC, Tower Road, LLC, Joliet Road Properties, LLC, and CRCFR Properties, LLC.

The plaintiff opposes the defendants' motion to quash on several grounds. First, the plaintiff argues that the information sought is relevant to her discrimination claims and reasonably calculated to lead to the discovery of admissible evidence. Specifically, the plaintiff states that information concerning the individual defendants, who are outside of the plaintiff's protected class, could establish that they engaged in self-dealing or conflict of interest transactions, received company funds or benefits that the plaintiff did not receive, were provided larger dividends, profits, or income, and were paid with

company funds for unrelated activities. The plaintiff did not receive any of these payments, and she relies on this to show she was treated less favorably.

To succeed on her gender discrimination claims, the plaintiff will have to show that: 1) she belongs to a protected group; 2) she was performing to the employer's legitimate expectations; 3) she suffered an adverse employment decision; and 4) the *employer* treated similarly situated employees who were not in the protected group more favorably. *See* ***Moser v. Indiana Department of Corrections***, 406 F.3d 895, 900 (7th Cir. 2005); ***O'Neal v. City of Chicago***, 392 F.3d 909, 911 (7th Cir. 2004); ***Williams v. Waste Management of Illinois, Inc.***, 361 F.3d 1021, 1029 (7th Cir. 2004). The Seventh Circuit broadly defines the phrase "adverse employment action" to mean "one that is materially adverse, meaning more than a mere inconvenience or an alteration of job responsibilities." ***Hilt-Dyson v. City of Chicago,*** 282 F.3d 456, 465 (7th Cir. 2002) (quotation and citation omitted). Under this definition, the court recognizes three categories of materially adverse employment actions:

> (1) cases in which the employee's compensation, fringe benefits, or other financial terms of employment are diminished, including termination; (2) cases in which a nominally lateral transfer with no change in financial terms significantly reduces the employee's career prospects by preventing her from using her skills and experience, so that the skills

6

> are likely to atrophy and her career is likely to be stunted; and (3) cases in which the employee is not moved to a different job or the skill requirements of her present job altered, but the conditions in which she works are changed in a way that subjects her to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment.
>
> ***O'Neal***, 392 F.3d at 911

See also ***Arizanovska v. Wal-Mart Stores, Inc.***, ___ F.3d ___, 2012 WL 2104517 (7th Cir. June 12, 2012). The plaintiff's employment discrimination claims are brought solely against her employers, the corporate defendants. The employers are not opposing the information requested by the subpoenas, and any discriminatory payments should be reflected in the corporate records.

The plaintiff argues that the individual defendants' financial records are relevant because they will show that she was treated adversely because the individual defendants received larger dividends, profits, or income. However, the individual defendants' personal financial information and estate planning records will not suggest whether the employer took discriminatory actions. This information is personal to the individual defendants and any payments and their purposes can be determined from the corporate records. It is not clear how the individual defendants' personal financial data will reflect the actions the employer took.

7

The plaintiff also alleges that the individual defendants breached their fiduciary duties of good faith and fair dealing and that their personal financial data bears directly on these claims. Specifically, the plaintiff argues that the individual defendants offered her a buy-out that was not made in good faith and was based on discounted five year old values, arbitrary value opinions, self dealing, and conflict of interest transactions. These allegations were raised not only against the corporate entities, but also against the individual defendants. Because the plaintiff raised these claims against the individual defendants, their individual actions are relevant to the plaintiff's claims. The information the plaintiff seeks will show whether the individual defendants received payments from the corporate entities that the plaintiff did not receive. The amounts and frequency of any such payments may serve as circumstantial evidence that the defendants were engaged in self-dealing transactions and breached their fiduciary duties.

As part of her claim that the defendants breached their fiduciary duties, the plaintiff argues that the individual defendants' personal financial information will show whether the parties entered and executed a Grantor Retained Annuity Trust (GRAT) that transferred a majority of the assets of the Glen E. Marshall Marital Trust to Frank, Clinton, Roger, Ross, and Casa

Marshall. The plaintiff complains that whether the GRAT was initiated could change the value of her case. By reviewing the defendants' personal financial information and the information regarding the trust, the plaintiff will be able to determine whether payments were made, which will affect the value of her claim. Despite the defendants' representations that they did not enter or execute a GRAT, the plaintiff is entitled to discover whether any such agreement was in fact entered and executed. The defendants' denial is not a basis for quashing a subpoena. *See, e.g.*, ***Voltage Pictures, LLC v. Does 1—5,000***, ___ F.Supp.2d ___, 2011 WL 1807438, *2 (D.D.C. 2011); ***First Time Videos v. Does 1—500***, 276 F.R.D. 241, 250—51 (N.D. Ill. Aug. 9, 2011); ***MGCIP v. Does 1—316***, 2011 WL 2292958 (N.D. Ill. June 9, 2011).

Regardless of the GRAT, the amount and frequency of payments the individual defendants received that the plaintiff did not may serve as circumstantial evidence that the individual defendants were breaching their duty. Their financial information is relevant for this purpose. However, the plaintiff has not established how the individual defendants' estate planning document are relevant to this inquiry or will tend to show that the defendants took unwarranted payment. Therefore, the court must determine whether the estate planning information is relevant to any of the plaintiff's claims.

9

The plaintiff also argues that the defendants' personal financial information is relevant to determining the punitive damages. The majority of federal courts, and courts within this Circuit, have permitted plaintiffs seeking punitive damages to discover information related to the defendant's financial condition prior to making a prima facie case that she may recover punitive damages. *See* ***United States v. Autumn Ridge Condominium Association, Inc.***, 265 F.R.D. 323, 327-28 (N.D. Ind. 2009) (*citing* ***Platcher v. Health Professionals, Ltd.***, 2007 WL 2772855, *2 (C.D. Ill. Sept. 18, 2007) (finding that the individual defendants' financial condition is discoverable in relation to a punitive damages claim *328 against them). *See also* ***El-Bakly v. Autozone, Inc.***, 2008 WL 1774962, *5 (N.D. Ill. April 16, 2008) (finding evidence of financial status relevant to the award of punitive damages); ***Equal Employment Opportunity Comm'n v. Staffing Network***, 2002 WL 31473840, *4 (N.D. Ill. Nov. 4, 2002) (finding that the defendant's financial information may be relevant to the issue of punitive damages)). The Seventh Circuit has acknowledged that "plaintiffs who are seeking punitive damages often present evidence of the defendant's wealth." ***Kemezy v. Peters***, 79 F.3d 33, 36 (7th Cir. 1996).

Because the plaintiff seeks punitive damages against both the corporate defendants and the individual defendants, the

individual defendants' financial documents are relevant to her claim and therefore subject to discovery. Although the individual defendants object to turning over estate planning documents, they have done nothing more than state that the documents are irrelevant and have not demonstrated why the information is unrelated to the plaintiff's claim for punitive damages. The money in the Glen E. Marshall Marital Trust and any money the defendants have saved that will be revealed by the estate planning documents bear on their net worth and are relevant to the plaintiff's request for punitive damages.

The defendants also seek to have the personal financial information limited to the previous three years and request the court to enter a protective order to prohibit disclosure or use of the individual defendants' personal financial information outside of this litigation. The defendants refer the court to *Autumn Ridge Condominium*, 265 F.R.D. at 323, in support of their argument that the financial information should be limited to the past three years. In *Autumn Ridge Condominium*, the court determined that only the defendants' current assets and liabilities were relevant to the punitive damages claims against them and that two years of financial documents were sufficient to determine the defendants' net worth. *Autumn Ridge Condominium*, 265 F.R.D. at 329.

The court would limit the discovery to the past three years of financial documents if the financial documents only were relevant to the plaintiff's request for punitive damages. However, as explained above, the individual defendants' financial information is relevant to the plaintiff's claim for breach of fiduciary duty because it may show whether the defendants improperly siphoned money from the corporations thereby reducing the companies' value. Because the alleged acts may have begun prior to the past three years, the plaintiff is entitled to examine the defendants' financial data extending further back than in *Autumn Ridge Condominium*. Therefore, the court will not limit the discovery request to the past three years.

The court will **GRANT** the defendants' request for a protective order to prohibit disclosure or use of the individual defendants' personal financial information outside of this litigation. It is expected that the parties will agree on a protective order and submit it for court approval.

_____

Based on the foregoing, the Motion for Expedited Hearing and/or Ruling on the Individual Defendants' Motion to Modify Subpoenas and Motion for Protective Order [DE 81] filed by the individual defendants on March 16, 2012, is **DENIED AS MOOT**; the Motion for Protective Order [DE 85] filed by the individual

defendants on March 21, 2012, is **GRANTED IN PART;** and the Motion to Modify Subpoenas [DE 86] filed by the individual defendants on March 21, 2012, is **DENIED.**

ENTERED this 20th day of June, 2012

                                             s/ **ANDREW P. RODOVICH**
                                                 United States Magistrate Judge