UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CASA M. MARSHALL,                    )
                                     )
              Plaintiff              )
                                     )
         v.                          )   CIVIL NO. 2:09 cv 198
                                     )
GE MARSHALL, INC.; M5, INC.;         )
MBIP LLC; TOWER ROAD LLC; JOLIET)
ROAD PROPERTIES LLC; CRCFR           )
PROPERTIES LLC; FRANK A.             )
MARSHALL; CLINTON E. MARSHALL;       )
ROGER W. MARSHALL; ROSS J.           )
MARSHALL, individually and in        )
their official capacities as an )
officer director and/or             )
shareholder of GE Marshall Inc, )
M5 Inc., MBIP LLC, Tower Road        )
LLC, Joliet Road Properties LLC,)
CRCFR Properties LLC, and as a       )
beneficiary of the Glen E.           )
Marshall Marital Trust; MARIE        )
MARSHALL, as Trustee of the Glen)
E. Marshall Marital Trust; KAREN)
MARSHALL, as beneficiary of the )
Glen E. Marshall Marital Trust, )
                                     )
              Defendants             )

OPINION AND ORDER

     This matter is before the court on the Motion for Reconsid-

eration and/or Clarification of June 20, 2012 Opinion and Order

[DE 96] filed by the defendant, Karen Marshall, on June 29, 2012.

For the reasons set forth below, the motion is **DENIED**.

Background

     On February 28, 2011, the plaintiff, Casa M. Marshall, filed

a seven-count amended complaint against the defendants.  All of

the defendants were named individually with the exception of
Karen Marshall, who was named solely as the beneficiary of the
Glen E. Marshall Marital Trust.  The parties engaged in discov-
ery, and on February 3, 2012, the plaintiff served the defendants
with two subpoenas — one directed to Commercial Advantage, Inc.
and the other directed to BKD, LLP, both of which held personal
financial documents belonging to the defendants.  The subpoenas
sought production of any and all files concerning the named
defendants, which included Karen Marshall.  The defendants
collectively objected to the subpoenas as overly broad and
irrelevant and moved to quash them.

    The court denied the defendants' motion to quash on June 20,
2012.  In the opinion, the court found that the individual
defendants' personal financial information was irrelevant to the
plaintiff's discrimination claim but that the information was
relevant to the plaintiff's claim for breach of the individual
defendants' fiduciary duties of good faith and fair dealing.  The
court explained that the individual defendants' personal finan-
cial information would show whether they received payments from
the corporate entities that the plaintiff did not receive, and
the amounts and frequency of any such payments.  The court also
determined that the individual defendants' personal information
was relevant to determine whether payments were made to a Grantor

Retained Annuity Trust (GRAT), which would affect the amount of money the plaintiff sought to recover and the plaintiff's request for punitive damages.

The defendant, Karen Marshall, now asks the court to reconsider its opinion and order.  Karen argues that she only was named as a defendant in her capacity as a beneficiary to the Glen E. Marshall Marital Trust, not individually, and because of this her personal financial information is irrelevant.  Although she owned shares of G.E. Marshall, Inc., she could not vote on her shares and did not participate in any decisions affecting the company.  For these reasons, she argues that she could not have participated in making any decisions that are the basis of the plaintiff's claim that the defendants breached their fiduciary duties, rendering her personal financial information irrelevant. The plaintiff opposes Karen's motion, arguing that this argument was waived and cannot be raised for the first time on a motion to reconsider.

<u>Discussion</u>

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994).  *See also Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This

3

type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." ***Ahmed v. Ashcroft***, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted).  *See also **United States v. Ligas**,* 549 F.3d 497, 501 (7th Cir. 2008)("A district court may recon-sider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it.").  In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

> 56 F.3d at 828

*See also **Oto v. Metropolitan Life Insurance Company,*** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for recon-sideration to introduce new evidence that could have been pre-sented earlier."); ***Divane v. Krull Electric Company***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corporation v. Resolution Trust Corporation***, 49 F.3d 1263, 1267 (7th Cir. 1995).  Ulti-mately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conser-

vation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

Karen argues that the motion should be reconsidered because the court disregarded her "unique party status" when rendering its decision.  The plaintiff sued Karen only in her capacity as a beneficiary to the trust, and not as an individual.  The court first found that the defendants' personal financial data was relevant because it may reveal that the defendants received payments that the plaintiff did not, which may be circumstantial evidence of a breach of the defendants' fiduciary duties.  Karen argues that she should be treated differently than the other named defendants because, although she held stock, she was not entitled to vote or participate in the management decisions, and therefore, did not owe or breach any fiduciary duties.  Because the court determined that the information sought was relevant to this claim, and Karen could not have participated, she asks the court to reconsider whether the subpoena should be quashed as it relates to her personal financial information.

Similarly, Karen argues that because of her "unique party status", the plaintiff could not attack her personal finances to recover punitive damages.  The plaintiff's ability to recover punitive damages would be limited to the capacity in which she sued the defendants.  Therefore, the amount of punitive damages would be limited to her interest in the trust.

Karen did not raise these arguments in her motion to quash or reply memorandum and raises them for the first time in her motion for reconsideration. The plaintiff argues that Karen's motion must be denied because the moving party cannot raise new arguments in a motion to reconsider, and instead, must point to errors of law or fact made by the court. *Frietsch,* 56 F.3d at 828. Karen has not pointed to any information that was unavailable at the time she filed her motion or her reply to the motion to quash, nor has she shown any changes to the law that would warrant a change in the outcome. Karen argues that her failure to raise these arguments in the motion to quash or reply brief is irrelevant because "courts have recognized the importance of examining closely the capacity in which a party has been sued in evaluating the appropriateness of discovery requests". (Deft. Br. p. 5) However, she cites no Seventh Circuit cases in support of her argument.

Karen joined the individual defendants in opposing the motion to quash. At no time did she argue that she should be treated differently. Karen was aware of the arguments the plaintiff raised in her response brief and chose not to respond individually or to ask the court to treat her differently from the other defendants. By failing to raise this argument, Karen waived it. *See Hernandez v. Cook County*, 634 F.3d 906, 913 (7th Cir. 2011) (explaining that skeletal arguments may be treated as waived); *Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003) (explaining that arguments not raised in initial motion or

6

response are waived).  "Motions for reconsideration serve a
limited function: to correct manifest errors of law or fact or to
present newly discovered evidence.  Such motions cannot in any
case be employed as a vehicle to introduce new evidence . . . Nor
should a motion for reconsideration serve as the occasion to
tender new legal theories for the first time." ***Publishers
Resource, Inc. v. Walker-Davis Publications, Inc.***, 762 F.2d 557,
561 (7th Cir. 1985).  Motions to reconsider that exceed the
limited function of a motion to reconsider can waste judicial
resources and obstruct the efficient administration of justice.
***U.S. Government ex rel. Houck v. Folding Carton Administration
Committee***, 121 F.R.D. 69, 71 (N.D. Ill. 1988).  This precisely is
what Karen's motion to reconsider has done.

Karen had two opportunities to raise her argument — in her
motion to quash and reply brief.  Unhappy with the result, she
now presents new arguments that could have been raised in the
initial motion or reply.  She has provided no explanation why she
did not or could not have raised these arguments with the origi-
nal motion.  Instead, she asks the court to consider the motion a
second time and to address arguments that could have been raised
in the initial motion.  This is not the purpose of a motion to
reconsider.  Karen has not pointed to manifest errors in the law
or fact, nor has she presented new evidence.  A motion for
reconsideration is not the appropriate platform on which to raise
new arguments that previously were not before the court.

Moreover, Karen has not demonstrated how the information sought by the subpoena is irrelevant to the plaintiff's claim. The court first determined that the defendants' personal financial information was relevant to show whether they received payments that the plaintiff did not. Karen has not argued that, if any such payments were made, they would not be reflected in her personal financial information. Karen may have received payments regardless of whether she participated in the decision to distribute payment or not.

Because Karen both failed to show how the information sought is irrelevant and waived this argument by failing to raise it in the motion to quash or reply memorandum, the Motion for Reconsideration and/or Clarification of June 20, 2012 Opinion and Order [DE 96] filed by the defendant, Karen Marshall, on June 29, 2012, is **DENIED.**

ENTERED this 10th day of October, 2012

                    s/ ANDREW P. RODOVICH
                       United States Magistrate Judge

8