```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

CASA M. MARSHALL,                       )
                                        )
            Plaintiff                   )
                                        )
            v.                          )   CIVIL NO. 2:09 cv 198
                                        )
GE MARSHALL, INC.; M5, INC.;            )
MBIP LLC; TOWER ROAD LLC; JOLIET        )
ROAD PROPERTIES LLC; CRCFR              )
PROPERTIES LLC; FRANK A.                )
MARSHALL; CLINTON E. MARSHALL;          )
ROGER W. MARSHALL; ROSS J.              )
MARSHALL, individually and in           )
their official capacities as an         )
officer director and/or                 )
shareholder of GE Marshall Inc,         )
M5 Inc., MBIP LLC, Tower Road           )
LLC, Joliet Road Properties LLC,        )
CRCFR Properties LLC, and as a          )
beneficiary of the Glen E.              )
Marshall Marital Trust; MARIE           )
MARSHALL, as Trustee of the Glen        )
E. Marshall Marital Trust; KAREN        )
MARSHALL, as beneficiary of the         )
Glen E. Marshall Marital Trust,         )
                                        )
            Defendants                  )

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery From Defendant, G.E. Marshall, Inc. [DE 105]; the Motion to Compel Discovery from Defendant Frank Marshall [DE 108]; the Motion to Compel Discovery from Defendants Clinton Marshall, Ross Marshall and Roger Marshall [DE 109]; and the Motion to Compel Discovery from Defendant Karen Marshall [DE 111] all filed by the plaintiff, Casa M. Marshall, on August 24, 2012.

For the reasons set forth below, the Motion to Compel Discovery From Defendant, G.E. Marshall, Inc. [DE 105] is **DENIED**, the Motion to Compel Discovery from Defendant Frank Marshall [DE 108] is **GRANTED**, the Motion to Compel Discovery from Defendants Clinton Marshall, Ross Marshall and Roger Marshall [DE 109] is **GRANTED**, and the Motion to Compel Discovery from Defendant Karen Marshall [DE 111] is **GRANTED.**

## Background

The plaintiff, Casa M. Marshall, was an officer, director, and minority shareholder of G.E. Marshall, Inc., from 2003 until she was terminated in 2008, and was the only female to hold these positions. Casa was diagnosed with a brain tumor, forcing her to take FMLA leave to receive treatment. She subsequently was served with a warning to return to work. Casa alleges she experienced a series of adverse employment actions when she returned, including revocation of certain authorities. Casa complains that the defendants withheld corporate information from her, threatened her, and intimidated her. On October 10, 2007, the defendants offered to buy out Casa's interest in G.E. Marshall, Inc., Joliet Road Properties, LLC, and CRCFR Properties, LLC. Casa alleges that the buy-out offer was not made in good faith and was based on discounted five year old values, arbitrary non-valuation opinions, and conjecture.

While employed at G.E. Marshall, Casa complained about her working conditions and was threatened that she would be terminated if she were to file a complaint with the Equal Employment Opportunity Commission or Indiana Civil Rights Commission. She ultimately was terminated on January 14, 2008, and subsequently filed a charge of discrimination with the EEOC. Casa was issued a Notice of Right to Sue letter on March 30, 2009. On February 28, 2011, Casa filed a seven-count amended complaint alleging: (1) gender discrimination; (2) age discrimination; (3) violation of the ADA; (4) Title VII Retaliation; (5) violation of the Family and Medical Leave Act of 1993; (6) Breach of Fiduciary Duty to Minority Shareholder; and (7) Breach of Duty of Good Faith and Fair Dealing.

On February 3, 2012, Casa served the defendants with two subpoenas — one directed to Commercial Advantage, Inc. and the other directed to BKD, LLP - both of which held personal financial documents belonging to the defendants. The defendants moved to quash the subpoenas. On June 20, 2012, the court denied the motion to quash, explaining that the information sought might reveal evidence that the defendants devalued the company, made a bad faith buy-out offer, and discriminated against Casa. The court directed the defendants to turn over their personal information, including tax returns, estate planning documents, and

other personal financial information. Karen Marshall asked the court to reconsider the order as it applied to her, arguing that her personal financial information was irrelevant because she was sued only in her capacity as a beneficiary to the Glen E. Marshall Trust and did not participate in any of the management decisions. The court denied Karen's motion on October 10, 2012.

On July 12 and July 25, 2011, respectively, Casa propounded her first set of interrogatories and requests for production on G.E. Marshall, Inc. ("GEMI") and M5, Inc. GEMI and M5 responded on September 30, 2011, but Casa found the responses to some of the interrogatories and requests for production incomplete and evasive. The parties engaged in a discussion to resolve their discovery dispute. GEMI and M5 represent that they offered to make their financial records available, but Casa never made an appointment to review the records. Casa represents that only GEMI made its financial documents available, but that M5 offered no such accommodation.

During the course of the parties' discussions, GEMI and M5 informed Casa that they did not believe that any of her document requests were relevant to the subject matter but stated they would work to provide detailed responses. On June 25, 2012, Casa communicated to GEMI and M5 the reasons she believed her discovery requests were relevant. Specifically, Casa explained that

the financial condition of GEMI, the net worth of GEMI, whether the defendants siphoned money and reduced the value of GEMI, and the amounts and frequency of any payments received by any of the defendants from GEMI that Casa did not receive would serve as evidence that the defendants engaged in self-dealing transactions and breached their fiduciary duties and that the buy-out the defendants offered was based on discounted five year old values. Casa's June 25, 2012 letter also explained that the requests were relevant to her claims for discrimination and that GEMI payroll and paycheck histories for any Marshall grandchildren may provide evidence that the defendants improperly siphoned money from GEMI and reduced the value. As of the date Casa filed her motion, GEMI and M5 objected to or failed to respond to certain interrogatories and numerous requests for production.

On July 13, 2011, Casa also served Frank, Clinton, Ross, and Roger Marshall, the Marshall brothers, with her first set of interrogatories and request for production of documents. On September 30, 2011, the Marshall brothers served their responses. Casa found their responses incomplete and evasive, explaining that they objected to and wholly failed to answer certain interrogatories and requests for production. The parties discussed the discovery requests, and on July 27, 2012, the Marshall Brothers' counsel stated that they were invoking the Fifth

Amendment right against self-incrimination with regard to the request for their federal and state tax returns. The parties have been unable to reach an agreement.

Casa also served Karen Marshall, beneficiary of the Glen E. Marshall Marital Trust, with interrogatories and requests for production on May 25, 2012. Karen told Casa to expect discovery responses by July 13, 2012, but Casa did not receive the responses by this date. The parties discussed the production of the discovery responses, and Karen responded that she would not provide discovery responses because it was her position that the requests were propounded upon her in her individual capacity and not as a beneficiary to the Glen E. Marshall Marital Trust, the capacity in which she was sued. Karen informed Casa that she would not serve responses until the court ruled on her motion to reconsider the court's June 20, 2010 Opinion and Order denying the defendants' motion to quash.

Casa now moves to compel the defendants to provide complete and non-evasive answers to her interrogatories and requests for production.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody,

condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* *Adams v. Target,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting

party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case

before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(*examining Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

When a party files a discovery motion, she must submit a certification explaining her good faith efforts to confer and resolve the discovery dispute without seeking court intervention. Rule 37(a)(1); Local Rule 37.1. The requirement to meet-and-confer must be taken seriously, because the court must find that the parties made a good faith effort to resolve the dispute before the court can rule on the merits of the motion. *See Robinson v. Potter*, 453 F.3d 990, 994—95 (8th Cir. 2006) (*citing Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3rd Cir. 2003)). *See Shoppell v. Schrader*, 2009 WL 2515817, *1 (N.D. Ind. August 13, 2009) (finding good faith certification of a single letter and a brief telephone conversation inadequate). "Fed.R.Civ.P. 37(a) envisions a genuine two-way communication where the parties engage in a meaningful dialogue to resolve the issues without judicial intervention." *Forest River Housing, Inc. v. Patriot Homes, Inc.*, 2007 WL

1376289 (N.D. Ind. May 7, 2007) (*citing* ***Shuffle Master, Inc. v. Progressive Games, Inc.***, 170 F.R.D. 166, 171 (D.C. Nev. 1996)).

Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1) and Local Rule 37.1. ***Mintel Intern. Group, Ltd. v. Neerghen***, 2008 WL 4936745, *1 (N.D. Ill. Nov. 17, 2008). In making this determination, the court will consider the totality of the circumstances. ***Kidwiler v. Progressive Paloverde Ins. Co.***, 192 F.R.D. 193 (N.D. W.Va. 2000). One correspondence can meet this requirement when it is detailed and continued contact likely would not have been successful in resolving the discovery dispute. ***Kidwiler***, 192 F.R.D. at 198. *See also* ***Alloc, Inc. v. Unilin Beheer B.V.***, 2006 WL 757871, *1 (E.D. Wis. March 24, 2006) (finding that several letters exchanged between the two parties satisfied the meet and confer requirement of Rule 37). On the other hand, several correspondences may fail to meet Rule 37's standard if the court determines that the correspondences were not genuine two-way communications involving a meaningful dialogue. The communication specifically must address the conflict and appear to involve meaningful negotiations. ***Forest River Housing,*** 2007 WL 1376289 at *1. The motion should be denied where it is obvious that the parties did not engage in a meaningful dialogue, particularly where the non-moving party shows a

10

willingness to compromise.  *See* ***Forest River Housing***, 2007 WL 1376289 at *1-2.  Failure to confer after discovery has been supplemented may be detrimental to the moving party's request. ***Design Basics, Inc. v. Granite Ridge Builders, Inc***., 2007 WL 1830809, *2 (N.D. Ind. June 21, 2007) (denying motion to compel where it was apparent that the plaintiff did not confer with defendant after the defendant supplemented its discovery responses).

Casa first asks the court to compel GEMI to produce documents concerning its corporate, organizational structure, bylaws, meeting minutes, corporate resolutions, record of shareholders, officers and directors, GEMI real estate mortgages, documents related to any civil, criminal, or administrative proceeding to which GEMI was a party, documents related to any other companies, corporations, partnerships or other business entities that GEMI has formed or been a member, documents of GEMI's financial stake in defendants Tower Road and MBIP, valuation of GEMI, M5, MBIP, Tower Road, Joliet Road Properties, and CRCFR Properties, appraisals of real property in which GEMI, Joliet, and CRCFR Properties have an interest, appraisals for real estate holdings of GEMI, accounting or audits performed by GEMI, and forecasts and actual sales and revenue of GEMI.  Casa has made a similar

request from M5, seeking documents concerning its organization and assets.

GEMI and M5 responded that they agreed to make their financial records available for Casa to inspect. However, Casa ignored their offer and never scheduled an appointment to review the documents. GEMI and M5 also state that Casa's counsel would have had access to GEMI's bookkeeper's office who manages the annual audit of GEMI and M5 and the office manager's office where the human resource documents and miscellaneous documents regarding the business of GEMI and M5 are stored. Casa acknowledges that GEMI agreed to make its financial records available, but complains both that M5 never made such an offer and that the financial data that has been offered for inspection will not encompass all of her discovery requests.

Casa has provided no explanation why she did not accept GEMI's offer and inspect the documents before determining what discovery requests remain unanswered. The record reflects that documents in addition to GEMI's financial records may have been ascertainable had Casa accepted GEMI's offer and inspected the records. GEMI and M5 represent that audit and general business documents were maintained in the bookkeeper's and officer manager's office. GEMI and M5 were willing to negotiate and accommodate some of Casa's discovery requests, yet she failed to

accept this invitation without explanation.  Rule 37 demands a
meaningful negotiation with an eye on resolving the issues.
Given GEMI and M5's willingness to open up its files, it does not
appear that Casa engaged in the negotiations in good faith, and
she certainly did not take advantage of the opportunity to retain
responses to some of her discovery requests before seeking court
intervention.  The record reflects that the parties could have
reached an agreement on many, if not all of the issues, if Casa
was willing to accept GEMI's terms.  The proper course would have
been for Casa to accept GEMI's invitation, review its documents,
and then seek court intervention for any discovery requests that
remained outstanding after further efforts to resolve the issues.

Moreover, GEMI and M5 agreed to supplement their responses
by opening up their files for inspection.  The failure to meet
and confer after a party supplements its discovery responses may
be detrimental to the moving party's motion to compel. ***Design
Basics,*** 2007 WL 1830809 at *2.  Failure to take advantage of an
opportunity to obtain the outstanding discovery is contrary to
the spirit of Rule 37 and does not satisfy the good faith meet
and confer standard.  For these reasons, the court finds that
Casa did not fulfill her obligations under Rule 37 because she
did not engage in the negotiations in good faith and with the

intent to resolve the outstanding discovery dispute absent court intervention.

Casa next asks the court to compel Frank, Clinton, Ross, and Roger Marshall to respond to two interrogatories, which asks the brothers to identify any company or business entity from which they received a salary or income and to reveal their gross and net incomes from 2003 through 2011. Casa also seeks the Marshall brothers' pay stubs, W-2 and 1099 forms, federal tax returns including schedules and attachments, financial resources, bank accounts, shares and stock certificates, limited liability and corporations formed or created, partnerships and business affiliations, agreements, leases, real estate contracts, appraisals of the defendants' business entities, and life insurance policies.

Casa first informs the court that the Marshall brothers raised their Fifth Amendment right against self incrimination in response to her request to produce their state and federal tax returns. In their response brief, the Marshall brothers do not address this objection. It is the opposing party's duty to show why discovery requests are privileged, and by failing to respond, the Marshall brothers waived this objection. *See **Wright v. United States**,* 139 F.3d 551, 553 (7th Cir. 1998)(explaining that arguments not raised in initial brief are considered waived).

The Marshall brothers next object to the discovery requests because Casa could have obtained much of the information she sought by accessing GEMI and M5's corporate records as GEMI offered. However, much of the information Casa requested was personal to the Marshall brothers and may not be revealed by review of GEMI and M5's records. Specifically, Casa requests the Marshall brothers' individual tax returns, business interests, pay stubs, and additional personal financial information. Although GEMI and M5's financial documents may show payments they made to the Marshall brothers, it would not be in possession of all of the Marshall brothers' personal information, specifically information that derives from other sources, including other defendant business entities. For this reason, it is not clear to the court how the Marshall brothers' personal financial information would be redundant of Casa's request for GEMI and M5's financial and organizational documents, nor have the Marshall brothers satisfied their burden to show that the information would be redundant and outside the scope of discovery. In fact, the court previously ruled that the individual defendants' personal information may be relevant to prove that the defendants devalued the company, made a bad faith buy-out offer, and discriminated against Casa. Because the Marshall brothers have not established that the discovery requests are shielded by privilege

or redundant of the information requested from GEMI, Casa's motion to compel discovery responses from the Marshall brothers is granted.

Casa also served interrogatories and requests for production on Karen Marshall. After several extensions of time, Karen informed Casa that she would not send her responses until after the court ruled on her motion to reconsider the June 20, 2012 Opinion and Order. Karen has objected to the interrogatories and requests for production, arguing that they were served upon her as an individual and not in the manner which she was sued, as a beneficiary of the Glen E. Marshall Marital Trust.

Karen is correct that the interrogatories and requests for production did not specifically name her as the beneficiary of the Glen E. Marshall Trust and that non-parties cannot be served with interrogatories and requests for production. However, it can be inferred that Casa intended to serve Karen in the capacity in which she was sued. It would be futile to require Casa to serve an identical set of interrogatories and requests for production adding only that the discovery is directed to Karen, as beneficiary of the Glen E. Marshall Trust. The court previously ordered that Karen was not shielded from discovery of her personal information solely because of the capacity in which she was

sued, as was explained more thoroughly in the court's order on Karen's motion to reconsider.

Karen has not demonstrated that the information sought in Casa's interrogatories and requests for production are shielded from discovery because of the capacity in which she was sued and further admits that she was waiting to serve responses pending the court's order on her motion to reconsider. The court denied her motion and has twice directed Karen to participate in discovery and explained why her responses are relevant and must be produced. Because Karen has not offered an alternative explanation to show why she should not be compelled to produce responses to the outstanding discovery requests, Casa's motion to compel discovery responses from Karen is granted.

_____

Based on the foregoing, the Motion to Compel Discovery From Defendant, G.E. Marshall, Inc. [DE 105] filed on August 24, 2012, is **DENIED;** the Motion to Compel Discovery from Defendant Frank Marshall [DE 108] filed on August 24, 2012, is **GRANTED;** the Motion to Compel Discovery from Defendants Clinton Marshall, Ross Marshall and Roger Marshall [DE 109] filed on August 24, 2012, is **GRANTED;** and the Motion to Compel Discovery from Defendant Karen Marshall [DE 111] filed on August 24, 2012, is **GRANTED.**

ENTERED this 15th day of November, 2012

                                          s/ ANDREW P. RODOVICH
                                             United States Magistrate Judge