```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

CASA M. MARSHALL,                  )
                                   )
          Plaintiff                )
                                   )
          v.                       )  CIVIL NO. 2:09 cv 198
                                   )
GE MARSHALL, INC.; M5, INC.;       )
MBIP LLC; TOWER ROAD LLC; JOLIET   )
ROAD PROPERTIES LLC; CRCFR         )
PROPERTIES LLC; FRANK A.           )
MARSHALL; CLINTON E. MARSHALL;     )
ROGER W. MARSHALL; ROSS J.         )
MARSHALL, individually and in      )
their official capacities as an    )
officer director and/or            )
shareholder of GE Marshall Inc,    )
M5 Inc., MBIP LLC, Tower Road      )
LLC, Joliet Road Properties LLC,   )
CRCFR Properties LLC, and as a     )
beneficiary of the Glen E.         )
Marshall Marital Trust; MARIE      )
MARSHALL, as Trustee of the Glen   )
E. Marshall Marital Trust; KAREN   )
MARSHALL, as beneficiary of the    )
Glen E. Marshall Marital Trust,    )
                                   )
          Defendants               )

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery from Defendant, M5, Inc. [DE 106] filed by the plaintiff, Casa Marshall, on August 24, 2012; the Motion for Enlargement of the Deadline for Dispositive and Daubert Motions [DE 122] filed by the plaintiff on October 4, 2012; and the Motion for Relief From Order [DE 129] filed by the Marshall defendants on December 13, 2012. For the reasons set forth below, the Motion

to Compel Discovery from Defendant, M5, Inc. [DE 106] is **DENIED**; the Motion for Enlargement of the Deadline for Dispositive and Daubert Motions [DE 122] is **DENIED AS MOOT**; and the Motion for Relief From Order [DE 129] is **DENIED**.

## Background

On February 28, 2011, the plaintiff, Casa Marshall, filed a seven-count complaint against the defendants alleging: (1) gender discrimination; (2) age discrimination; (3) violation of the ADA; (4) Title VII Retaliation; (5) violation of the Family and Medical Leave Act of 1993; (6) Breach of Fiduciary Duty to Minority Shareholder; and (7) Breach of Duty of Good Faith and Fair Dealing. The course of discovery has been turbulent, resulting in several motions to compel. Casa previously moved to compel Frank, Clinton, Ross, and Roger Marshall (the Marshall Brothers) to produce their tax returns among other things. A year after Casa propounded her discovery requests, the Marshall Brothers raised their Fifth Amendment right against self-incrimination in response to Casa's request. When Casa moved to compel production of the Marshall Brothers' tax returns, they did not raise their Fifth Amendment right against self-incrimination. The court considered this argument waived and ordered production of their tax returns.

In the same Opinion and Order, the court denied Casa's request to order GEMI to produce documents regarding its corporate organizational structure, bylaws, meeting minutes, corporate resolutions, records of shareholders, officers and directors, real estate mortgages, and other business documents because Casa did not follow up on GEMI's offer to inspect its records prior to seeking court intervention. The court explained that Casa had a duty to meet and confer with GEMI after it agreed to supplement its response by opening up its files for inspection. M5, Inc., who Casa now seeks corporate information from, also agreed to make their files available.

Casa now moves to compel production of corporate files from M5, Inc., and the Marshall Brothers ask for relief under the Opinion and Order, arguing that they did not waive their Fifth Amendment right against self-incrimination.

## Discussion

The Motion for Enlargement of the Deadline for Dispositive and Daubert Motions [DE 122] was addressed at the February 8, 2013 status conference. The court set new deadlines for dispositive motions at this time. For this reason, the Motion for Enlargement of the Deadline for Dispositive and Daubert Motions [DE 122] is **DENIED AS MOOT.**

Turning to Casa's motion to compel, the November 15, 2012 Opinion and Order explained that Casa did not satisfy her duty under Federal Rule of Civil Procedure 37 to meet and confer to resolve the discovery dispute amicably before filing the motion to compel. Both GEMI and M5 have offered to make their files available for inspection. Casa has not explained why she chose not to inspect the companies' records. Although Casa complains that only GEMI, and not M5, offered to make its files available, in its response brief, M5 stated that it agreed to make its files available for inspection. If Casa would have conferred with M5, she could have inquired about this opportunity and taken advantage of M5's offer before seeking court intervention. Such failure to meet and confer after a party agrees to supplement its discovery responses is fatal to the moving party's motion to compel. See ***Design Basics v. Granite Ridge Builders, Inc.***, 2007 WL 1830809, *2 (N.D. Ind. June 21, 2007). For this reason, Casa's Motion to Compel Discovery from Defendant, M5, Inc. [DE 106] is **DENIED.**

The Marshall Brothers also seek relief from the court's November 15, 2012 Opinion and Order. In the Opinion and Order, the court compelled the Marshall Brothers to produce their tax returns. The Marshall Brothers argue that the court should set aside this decision under Federal Rule of Civil Procedure 60

because ordering production of their tax returns violates their constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution.

Federal Rule of Civil Procedure 60 states that the court may correct a clerical error arising from oversight or omission in a judgment, order, or other part of the record, or on a motion, the court may relieve a party from a final judgment, order, or proceeding under certain circumstances defined in the rule. The defendants did not identify a clerical error, and instead argue that the Opinion and Order must be set aside because of mistake, inadvertence, or excusable neglect. However, Rule 60(b) applies to final judgments. *See **Allstate Insurance Co. v. Fields***, 842 N.E.2d 804, 808 (Ind. 2006) (explaining that Rule 60(b) applies only to final judgments). Because the November 15, 2012 Opinion and Order was not a final judgment, the defendants' reliance on Rule 60 is misplaced. The proper motion to request relief from the November 15, 2012 Opinion and Order would have been a motion to reconsider.

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." ***Hope v. United States***, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also **Talano v. Northwestern Medical Faculty***

5

***Foundation, Inc.***, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." ***Ahmed v. Ashcroft***, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). *See also **United States v. Ligas***, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828

*See also **Oto v. Metropolitan Life Insurance Company**,* 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); ***Divane v. Krull Electric Company***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corporation v. Resolution***

6

*Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

The defendants argue that the court overlooked an aspect of the case when ordering the defendants to produce their personal tax returns. In the Opinion and Order, the court noted that Casa informed the court that the Marshall Brothers raised their Fifth Amendment right against self incrimination in response to her request to produce their tax returns. The Marshall Brothers did not raise this objection in their response brief or explain how it might apply. Because of this, the court considered the argument waived. The Marshall Brothers argue that they did not knowingly waive their Fifth Amendment right and cannot be compelled to produce their tax returns.

The Fifth Amendment privilege against self incrimination may be invoked in criminal or civil matters when an individual's testimony creates a possibility of criminal prosecution. *Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The privilege is applicable in response to specific inquiries that call for an admission of crime or objectively

7

create "some tendency" to subject the individual to criminal liability. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 663-64 (7th Cir. 2002). Stated differently, the privilege only extends to information that is both testimonial and incriminating. *Fisher v. United States*, 425 U.S. 391, 414, 96 S.Ct. 1569, 1582, 48 L.Ed.2d 39 (1976); *B.M. v. Wisconsin*, 335 N.W.2d 420, 422 (Wis. App. 1983); *In re Connelly*, 59 B.R. 421, 441 (N.D. Ill. 1986) (*citing Fisher*, 425 U.S. at 410—11, 96 S.Ct. at 1580—81. *See also United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 1242, 79 L.Ed.2d 552 (1984); *Butcher v. Bailey*, 753 F.2d 465, 469 (6th Cir. 1985) *cert. dismissed*, 473 U.S. 925, 106 S.Ct. 17, 87 L.Ed.2d 696 (1985)).

Testimonial evidence includes "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and . . . police interrogations." *Michigan v. Bryant*, ___ U.S. ___, 131 S.Ct. 1143, 1153, 179 L.Ed.2d 93 (2011) (*citing Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004)). "The act of producing documents could be 'testimonial' on two grounds: Production both implicitly authenticates the documents as those subpoenaed and admits the existence of the documents and the control or possession of them by the party subpoenaed." *B.M.*, 335 N.W.2d at 422-23 (*quoting Rey v. Means*, 575 P.2d 116 (Okl. 1978)). Several courts have held that produc-

ing tax returns is testimonial. ***B.M.***, 335 N.W.2d at 423; ***Rey***, 575 P.2d at 116; ***In re Bon Voyage Travel Agency***, 449 F.Supp. 250 (N.D. Ill. 1978).

Production of the requested documents also must be incriminating. *See* ***Fisher***, 425 U.S. at 414, 96 S.Ct. at 1582. The party asserting the privilege must show that producing the tax returns or some information contained therein would incriminate him. ***Kloes v. United States***, 578 F.Supp. 270, 274 (W.D. Wis. 1984); ***Fredrick v. Clark***, 587 F.Supp. 789, 792-93 (W.D. Wis. 1984) ("Fifth Amendment objections must be accompanied by a 'showing that he is involved in some activity for which he could be criminally prosecuted in order to validly claim Fifth Amendment privilege on his income tax return.'"). "It is for the tribunal conducting the trial to determine what weight should be given to the contention of the witness that the answer sought will incriminate him." ***U.S. ex rel. Vajtauer v. Commissioner of Immigration of Port of New York***, 273 U.S. 103, 113, 47 S.Ct. 302, 306, 71 L.Ed. 560 (1927).

When the court is considering the right against self-incrimination, the privilege should be construed broadly in favor of the right. ***In re Corrugated Container Antitrust Litigation***, 661 F.2d 1145, 1150 (7th Cir. 1981). However, for the privilege to apply, the party must timely assert the privilege. ***Vajtauer***, 273

U.S. at 113; 47 S.Ct. at 306. The privilege may be waived "if not in some manner fairly brought to the attention of the tribunal which must pass upon it." The court will not allow a party to assert the privilege as an after thought. *Vajtauer*, 273 U.S. at 113, 47 S.Ct. at 306.

Although it is clear that producing tax returns is testimonial, the Marshall Brothers failed to show either in their initial motion or here that compelling production may be incriminating. The Marshall Brothers should have pointed to some activity or question on the tax forms that could result in charges. Furthermore, the Marshall brothers did not raise the privilege with the court. The only indication that the Marshall Brothers considered raising the Fifth Amendment in response to Casa's discovery request was Casa's representation to the court, but despite being reminded of their intent to object on this basis, the Marshall Brothers made absolutely no argument in support. In addition, the Marshall Brothers did not raise their objections until a year after the discovery requests were served on them. Their failure to raise the privilege in a timely fashion with this court constitutes a waiver. The court will not allow the Marshall Brothers to raise it as an afterthought. *See Vajtauer*, 273 U.S. at 113, 47 S.Ct. at 306.

Moreover, the court should reconsider an opinion only when the moving party can show additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked, none of which applies to the present matter. The Marshall Brothers did not raise, provide any argument, or show how the Fifth Amendment could apply to prohibit disclosure of their tax returns in their response to Casa's motion to compel. For this reason, the court did not overlook any aspect or legal arguments presented in the case; rather, there were none presented. A motion to reconsider is not a tool for parties to present arguments that they forgot to raise. The defendants insist that they cannot waive their Fifth Amendment right to privilege without knowingly and intentionally doing so. However, the Fifth Amendment is not a self-executing mechanism and must be raised with the court in a timely fashion. ***Maness v. Meyers***, 419 U.S. 449, 466, 95 S.Ct. 584, 595, 42 L.Ed.2d 574 (1975) (The right against self-incrimination "is not a self-executing mechanism; it can be affirmatively waived, or lost by not asserting it in a timely fashion."). Failure to timely raise it with the court constitutes a waiver of the privilege, and here, the defendants missed their opportunity to raise the Fifth Amendment.

---

Based on the foregoing, the Motion to Compel Discovery from Defendant, M5, Inc. [DE 106] filed by the plaintiff, Casa Marshall, on August 24, 2012, is **DENIED**; the Motion for Enlargement of the Deadline for Dispositive and Daubert Motions [DE 122] filed by the plaintiff on October 4, 2012, is **DENIED AS MOOT**; and the Motion for Relief From Order [DE 129] filed by the Marshall defendants on December 13, 2012, is **DENIED.**

ENTERED this 28th day of February, 2013

                                         s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge